### GRIFFIN *v.* PORAWSKI.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

ACTION FOR RENT—EVIDENCE—ADMISSIONS OF WIFE—PAYMENT OF RENT.

In an action to recover rent it appeared that defendant's wife, about the expiration of their tenancy, said to plaintiff that they intended to remain another year, which admission defendant ratified by part payment of rent for a second year, but abandoned the premises before the end of that year. *Held,* that the admission in evidence of the declaration of the wife did not prejudice defendant, since a new tenancy would be inferred from the partial payment of rent by him for the second year.

Appeal from Kings county court.

Action by Gilbert Griffin against Max T. Porawski to recover rent. Defendant rented premises of plaintiff for the term of one year, beginning May 1, 1890, paid a deposit thereon, and took possession May 1st. In April, 1890, plaintiff asked defendant's wife if they were going to stay another year, to which she replied, "Yes; we are not going to move, unless you turn us out," and that perhaps they would stay four or five years. Defendant ratified this admission of the wife by paying rent on account for the second year up to January 1, 1891. After remaining in possession nine months and two days of the second year defendant vacated the premises, going into a house which he had purchased. From a judgment of the county court affirming a judgment of a justice for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Geo. C. Eldridge,* (*Geo. W. Miller,* of counsel,) for appellant. *James J. Rogers,* for respondent.

PRATT, J. This is a hard case. It charges the defendant for premises he did not occupy, and which he undoubtedly vacated under the supposition that he had a right so to do, and avoid paying any more rent; but we are unable to say there is any such error of law or fact as to justify a reversal of the judgment. The finding of the justice upon questions of fact from conflicting testimony must stand like the verdict of a jury; and the findings seem to sustain the legal conclusions reached by the justice. The admission of declarations made by the wife did not prejudice the defendant, as a new tenancy could be inferred from the payment of rent by the husband upon the new term. Upon the question of eviction the evidence was conflicting, and the finding of the justice is well sustained by the proof. Judgment affirmed, without costs.

All concur.